**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| MEKEDA WHITE | : | |
| 4930 North 10th Street | : | CIVIL ACTION |
| Philadelphia, PA 19141 | : | |
| | : | |
| Plaintiff, | : | No. _____ |
| | : | |
| v. | : | |
| PRESBYTERIAN MEDICAL CENTER | : | |
| OF THE UNIVERSITY OF | : | |
| PENNSYLVANIA HEALTH SYSTEM | : | **JURY TRIAL DEMANDED** |
| D/B/A PRESBYTERIAN | : | |
| MEDICAL CENTER | : | |
| 51 N. 39th Street | : | |
| Philadelphia, PA 19104 | : | |
| and | : | |
| UNIVERSITY OF PENNSYLVANIA | : | |
| HEALTH SYSTEM D/B/A PENN | : | |
| MEDICINE | : | |
| 1500 Market Street, 8th Floor West Tower | : | |
| Philadelphia, PA 19102 | : | |
| | : | |
| Defendants. | : | |

---

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.      This action has been initiated by Mekeda White (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against Presbyterian Medical Center of the University of Pennsylvania Health System and University of Pennsylvania Health System (*hereinafter* referred to as "Defendants" unless indicated otherwise) for violations of the Americans with Disabilities Act ("ADA" - 42 USC §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA"- 29 USC § 2601), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices

Ordinance ("PFPO").[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where it is subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5.      Plaintiff has properly exhausted her administrative remedies with respect to her ADA claims because she timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and files the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

---

[1] Plaintiff will move to amend her instant lawsuit to include claims under the PHRA and the PFPO once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission. Any claims under the PHRA and PFPO though would mirror the instant claims identically.

## PARTIES

6.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.    Plaintiff is an adult individual, with an address as set forth in the caption.

8.    Defendant Presbyterian Medical Center of the University of Pennsylvania Health System d/b/a Presbyterian Medical ("Defendant PMC") is a medical facility with a location at the above-captioned address.

9.    Defendant University of Pennsylvania Health System d/b/a Penn Medicine ("Defendant Penn") is a medical health system of which Defendant PMC is a part.

10.    Defendants should be considered Plaintiff's single, joint and/or integrated employers because: (1) Defendant Penn paid Plaintiff, appears on her pay stubs and W-2s and controlled her benefits; (2) Plaintiff physically worked at Defendant PMC, was supervised and managed on a daily basis by their employees and they had authority to hire and fire Plaintiff.  Thus, both entities controlled the terms and conditions of Plaintiff's employment.

11.    At all times relevant herein, Defendants acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

12.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13.    Plaintiff is an adult female.

14.    Plaintiff was hired by Defendants on or about January 9, 2012.

15.    In total, Plaintiff worked for Defendants for more than 8.5 years.

16.    Plaintiff worked as a full-time anesthesia technician in Defendants' anesthesia department at their 51 N. 39th Street location in Philadelphia, PA.

17.    Plaintiff was qualified for her job, as she possessed the requisite skill, experience and knowledge for the position.

18.    From in or about 2012 to in or about 2019, Plaintiff was supervised by Luke Wloczynski (Anesthesia Supervisor).

19.    While working under the supervision of Mr. Wloczynski, Plaintiff performed her job well, was issued satisfactory performance evaluations and raises and was not issued any written discipline.

20.    In or about 2019, Plaintiff began being supervised by Javier Vazquez (Supervisor) and Santa Iaconelli (Director).

21.    At all times relevant herein, Plaintiff suffers from serious medical conditions, including anxiety, depression and hypertension.

22.    Plaintiff has obtained medical treatment for these conditions for several years and these conditions interfere with and limit Plaintiff in several daily activities, including but not limited to sleeping, thinking, focusing, concentrating, performing daily chores and, at times, working.[2]

23.    Despite these conditions, Plaintiff was able to perform all the essential functions of her job, with accommodations.

24.    Plaintiff informed Defendants' management about her medical conditions and need for time off for same.

---

[2] This paragraph is not intended to include an exhaustive list of activities which Plaintiff's medical conditions limit and/or interfere with.

25.    From on or about July 10, 2019 to July 30, 2019, Plaintiff took an FMLA-approved medical leave for her own serious health conditions.

26.    Upon her return to work, Plaintiff was treated rudely and with animosity by Defendants' management.

27.    For example, on or about August 14, 2019, within two weeks of returning from FMLA-approved medical leave, Plaintiff was issued a first written warning for an alleged disagreement with a co-worker.

28.    However, Plaintiff did not engage in the conduct for which she was disciplined.

29.    In or about June 2020, Plaintiff requested and took an FMLA-approved medical leave for the care of her father, who suffered from a serious health condition.

30.    Plaintiff's father passed away in late June 2020 and, as a result, Plaintiff experienced an increase in feelings of anxiety, depression and grief.

31.    Plaintiff remained out of work on a medical leave until on or about August 9, 2020.

32.    Once Plaintiff returned to work on or about August 9, 2020, she was again subjected to extremely negative treatment from her supervisor and director, including being treated in a cold, distant and disrespectful manner.

33.    For example, after returning from medical leave on or about August 9, 2020, Defendants' management often ignored Plaintiff and when they did speak or interact with her, they were curt and rude.

34.    They also issued her unwarranted reprimands.

35.    For example, in early October 2020, Mr. Vazquez accused Plaintiff of hanging up the phone during a phone call with him, which is totally untrue, as Plaintiff did not hang up on him.

36.     A few days later, during a meeting, Vazquez and Iaconelli falsely accused Plaintiff of being insubordinate and issued her a completely unwarranted written discipline for it, despite that Plaintiff had not been insubordinate.

37.     During this meeting, which occurred on or about October 5, 2020, Plaintiff informed Vazquez and Iaconelli that she felt she came back from medical leave too soon, that she was still dealing with anxiety, depression and grief over the loss of her father and that she planned to go back out on FMLA leave because of her own mental health conditions.

38.     Later that night, Plaintiff was suffering from a debilitating headache.  As a result, she went home from work, laid down and began to feel chest pains, vertigo, head pain and anxiety.

39.     Plaintiff fell asleep, woke up the next morning and then sent a text message to Iaconelli informing her that she (Plaintiff) was in the emergency room, that she could not get out of bed the previous night, that she would not be at work the rest of the week and that she would be applying for additional FMLA/medical leave.

40.     Plaintiff also sent a text message to Vazquez informing him that she was in the emergency room, wouldn't be at work for the rest of the week and would be applying for FMLA leave.

41.     Despite Plaintiff informing Defendants of her medical conditions, requesting accommodations (in the form of time off from work) and FMLA leave, Defendants did not reach out to Plaintiff, engage in any interactive process with her, offer her any accommodations, provide her any FMLA notifications/documents or have any communications with her about her conditions and need for time off.

42.    Instead, on or about October 7, 2020, within less than 24-hours of Plaintiff requesting FMLA leave and medical accommodations, Defendants contacted her and informed her that she was being terminated.

43.    Plaintiff believes and therefore avers that: (1) she was terminated because of her actual/perceived disabilities; (2) she was terminated in retaliation for requesting accommodations; (3) Defendants failed to accommodate her medical conditions; (4) Defendants interfered with her FMLA rights; and (5) Defendants terminated her in retaliation for requesting and/or utilizing FMLA-qualifying medical leave.

## COUNT I
## <u>Violations of the Americans with Disabilities Act, as amended ("ADA")</u>
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate]**

44.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45.    Plaintiff suffers from qualifying health conditions under the ADA (as amended), which (at times) affects her ability to perform some daily life activities (as discussed *supra*).

46.    Plaintiff requested reasonable accommodations from Defendant, including time off from work for medical reasons.

47.    Plaintiff was terminated shortly after disclosing her medical conditions to Defendants and requesting accommodations for same.

48.    Plaintiff was also subjected to increased hostility and animosity by Defendants' management, including but not limited to Vazquez and Iaconelli, after she disclosed her medical conditions and requested accommodations.

49.    As a result, Plaintiff believes and therefore avers that she was terminated by Defendant because of: (1) her known and/or perceived disabilities; (2) her record of impairment; and/or (3) because she requested accommodations, which constitutes unlawful retaliation.

50.    Defendants also failed to engage in any interactive process with Plaintiff in October 2020, despite that she requested additional accommodations (in the form of medical leave/time off), failed to offer her any time off, failed to have any discussions with her about any accommodations and failed to provide her with any accommodations.

51.    These actions as aforesaid constitute violations of the ADA, as amended.

**COUNT II**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference and Retaliation)**

52.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53.    Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

54.    Plaintiff requested leave from Defendants, her employer, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

55.    Plaintiff had at least 1,250 hours of service with Defendants in the year preceding her requests for leave.

56.    Defendants are engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

57.    Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

58.     Defendants committed interference and retaliation violations of the FMLA by (1) failing to properly notify, offer or approve Plaintiff (for) FMLA leave;  (2) discouraging Plaintiff (via negative treatment and termination) from requesting or taking FMLA leave or otherwise exercising her FMLA rights (3) terminating Plaintiff because she requested and/or took FMLA-qualifying medical leave and to prevent her from taking further FMLA-qualifying leave in the future.

59.     These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B.     Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
Jeremy M. Cerutti, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801
Attorney for Plaintiff

Dated: December 18, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Mekeda White | : | CIVIL ACTION |
| v. | : | |
| Presbyterian Medical Center of the University of Pennsylvania Health System, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                                                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                                                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                                                            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.               (X )

| | | |
|---|---|---|
| 12/18/2020 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:  4930 North 10th Street, Philadelphia, PA 19141

Address of Defendant:  51 N. 39th Street, Philadelphia, PA 19104; 1500 Market Street, 8th Floor West Tower, Philadelphia, PA 19102

Place of Accident, Incident or Transaction:  Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐    No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __12/18/2020__    _____    __ARK2484 / 91538__
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.  Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__ , counsel of record *or* pro se plaintiff, do hereby certify:

☒  Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐  Relief other than monetary damages is sought.

DATE: __12/18/2020__    _____    __ARK2484 / 91538__
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| WHITE, MEKEDA | PRESBYTERIAN MEDICAL CENTER OF THE UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM, ET AL. |

| (b)  County of Residence of First Listed Plaintiff   Philadelphia | County of Residence of First Listed Defendant    Philadelphia |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
|  | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c)  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com | |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| 1 | U.S. Government Plaintiff | X 3 | Federal Question *(U.S. Government Not a Party)* |
| 2 | U.S. Government Defendant | 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | | | 790 Other Labor Litigation | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | 896 Arbitration |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 871 IRS—Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | |
| 245 Tort Product Liability | X 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| X 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from Another District *(specify)* | 6 Multidistrict Litigation - Transfer | 8 Multidistrict Litigation - Direct File | |

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of ADA, FMLA, PA Human Relations Act and the Philadelphia Fair Practice Ordinance.

## VII.  REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   X Yes    No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 12/18/2020 | |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Print    Save As...    Reset